IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAURINE FAYE WELCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:15-cv-906 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is presently before the court on a motion to dismiss, or in the alternative, motion for summary judgment, filed by defendant on March 9, 2016.[1] (Doc. # 8, 10). By order entered March 10, 2016, plaintiff was ordered to file a response to defendant's motions by March 25, 2016; thereafter, the motions would be taken under submission without oral argument. (Doc. #9). To date, plaintiff has not filed a response, nor sought an extension of time to respond, nor sought any other appropriate relief pursuant to Rule 56(d). Upon consideration of the motions, the court concludes that defendant's motion for summary judgment is due to be granted.

**Procedural Background**

On December 4, 2014, an Administrative Law Judge of the Social Security Administration denied plaintiff's claim for disability benefits. (Complaint, Doc. #1; Hartt dec. ¶ 3(a) and Ex. 1, at 1, Doc. # 8-1). The plaintiff filed a request for review by the Appeals Council. On September 15, 2015, the Appeals Council notified plaintiff of its action denying her request

---

[1] The Commissioner filed an amended motion on March 14, 2016, to correct a typographical error. (Doc. # 10).

for review. (Hartt dec., ¶ 3(a) and Ex. 2; *see also* Complaint, ¶ 2[2]). On December 9, 2015, plaintiff filed the present complaint seeking review of the decision of the Commissioner. (Complaint).

The Commissioner asserts that she is entitled to dismissal of this action because it was filed outside the time permitted for commencement of such an action. Upon consideration of the motions, the court concludes the motion for summary judgment is due to be granted.

**Summary Judgment Standard**

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For summary judgment purposes, an issue of fact is "material" if, under the substantive law governing the claim, its presence or absence might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant fails to satisfy its initial burden, the motion for summary judgment will be denied. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1810 (2013). If the movant adequately supports its motion, the burden shifts to the opposing party to establish—"by producing affidavits or other relevant and admissible evidence beyond the pleadings"—specific facts raising a genuine issue for trial. *Josendis v. Wall to Wall Residence Repairs*, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011); *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010); Fed. R. Civ. P. 56(c)(1)(A). "All affidavits [and declarations] must be based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence[.]" *Josendis*, 662 F.3d at 1315 (alteration added); Fed. R. Civ. P. 56(c)(4). "If a party fails . . . to properly address

---

[2] Plaintiff stated in her complaint that the Appeals Council denied review on October 6, 2015. *See infra* n.3. (Complaint ¶ 2; Hartt dec., ¶ 3(a) and Ex. 2).

another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion … [or] grant summary judgment if the motion and supporting materials—included the facts considered undisputed—show that the movant is entitled to it … ." Fed. R. Civ. P. 56(e) (alteration added). The court deems any evidentiary objection not raised expressly to have been waived. Fed. R. Civ. P. 56(c)(2); (e)(2). The court views the evidence and all reasonable factual inferences in the light most favorable to the nonmovant. *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1316 (11th Cir. 2012). However, "'[i]f no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted.'" *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) (citation omitted).

**Discussion**

The statute of limitations for commencing an action seeking review of a final decision of the Commissioner denying Social Security benefits is set forth in 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The Commissioner has provided by regulation that a civil action may be commenced within

> . . . 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary… .

3

20 C.F.R. § 422.210(c).

In her declaration, Kathie Hartt, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review for the Social Security Administration, states that the Appeals Council sent its notice of action to the plaintiff, with a copy to plaintiff's representative, on September 15, 2015.[3] The notice advised plaintiff of the requirement that she file a civil action within 60 days of receipt of the Appeals Council's letter and of the presumption of receipt five days after the date of the letter; it also explained how to request an extension of the 60-day filing period from the Appeals Council. (Doc. # 8-1, ¶ 3(a); *see also id.*, Ex. 2, at 3 ("Notice of Appeals Council Action" dated September 15, 2015, denying plaintiff's request for review). Hartt further indicates that she is unaware of any request for an extension of time by plaintiff to file a civil action as specified in the notice, 42 U.S.C. § 405(g), and 20 C.F.R. § 422.210.

Plaintiff does not contend and has made no showing that she received the final administrative decision later than presumed by operation of the Commissioner's regulation. Plaintiff does not contend or establish that she sought an extension of time to file a civil action. Plaintiff also has made no attempt to seek equitable tolling of the filing period under 42 U.S.C. § 405(g). *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (discussing equitable tolling); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986) ("In addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of

---

[3] Plaintiff's complaint states the Appeals Council denied review on October 6, 2015.

the Government. Tolling, in the rare case such as this, does not undermine the purpose of the 60-day limitations period[.]") (footnote omitted). Consequently, plaintiff's complaint, filed December 9, 2015, is beyond the statute of limitations deadline, November 19, 2015.

**Conclusion**

The Commissioner has presented evidence that plaintiff filed the present action after the expiration of the limitations period specified by § 405(g). Plaintiff has failed to demonstrate the existence of a genuine issue of material fact in the manner required by Fed. R. Civ. P. 56 or to seek any relief pursuant to Fed. R. Civ. P. 56(d).

Accordingly, it is the RECOMMENDATION of the Magistrate that the Commissioner's motion for summary judgment be GRANTED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before September 21, 2016. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 7th day of September, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge